Opinion issued December 4, 2003










 
 
 
In The
Court of Appeals
For The
First District of Texas




NO. 01-99-01070-CV




CLAUDE HUGH LLOYD, JR. AND CASSONDRA JEAN LLOYD,
Appellants

V.

MARY BETH LLOYD ANGEL, Appellee




On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 94-57289




MEMORANDUM OPINION

          Appellants, Claude Hugh Lloyd, Jr. and Cassondra Jean Lloyd, appeal from a
take-nothing judgment rendered after a bench trial. We determine (1) whether the
evidence supporting the trial court’s findings was factually sufficient, (2) whether the
trial court erred in denying the Lloyds’ motion for death-penalty sanctions in favor
of granting monetary sanctions, and (3) whether the Lloyds may assert a claim based
on their trial counsel’s alleged ineffectiveness. We affirm.
Background
          Claude Lloyd is the brother of appellee, Mary Beth Lloyd Angel. In 1994, the
Lloyds sued Angel and several other defendants for negligence and breach of
fiduciary duty for, among other things, the alleged mishandling of a family trust of
which Angel was trustee and under which Claude Lloyd was a beneficiary. In 1995,
the trial court rendered an interlocutory, no-answer default judgment against Angel
alone for $75,380 in actual damages, $200,000 in punitive damages, costs, and pre-
and post-judgment interest. That default judgment became final later the same year,
when the trial court severed the Lloyds’ claims against Angel from those against the
other defendants.



          Angel moved to set aside the default judgment, which motion the trial court
granted in December 1995. The cause was tried to a visiting judge, who rendered a
take-nothing judgment against the Lloyds in November 1998. The Lloyds moved for
new trial, which a second visiting judge granted in March 1999. After a second
bench trial, the trial court rendered a take-nothing judgment against the Lloyds, filing
original and supplemental fact findings and legal conclusions. In the final judgment,
the trial court awarded monetary sanctions against Angel for false testimony. The
Lloyds moved for new trial, which motion the trial court denied.
          We can ascertain three arguments under the Lloyds’ sole issue. When
appropriate, we liberally construe the Lloyds’ challenges to attack the fact findings
and legal conclusions concerning the substance of their complaint.
Factual Sufficiency
          The Lloyds first complain that the trial court erred in rendering a take-nothing
judgment against them after the trial court had found (1) that Angel had testified
falsely, both at trial and in the affidavit supporting her motion to set aside the default
judgment, and (2) that Angel was not entirely credible. The crux of the Lloyds’
argument is that the trial court could not believe any of Angel’s testimony if it
disbelieved any part of her testimony or if it found that she had perjured herself on
some matters. We construe this argument as a factual-sufficiency challenge.
          In a factual-sufficiency challenge, we are not at liberty to replace the
factfinder’s credibility determinations with our own. See Honda of Am. Mfg., Inc. v.
Norman, 104 S.W.3d 600, 604 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). 
The factfinder may believe all, some, or none of a lay witness’s testimony. See
Eberle v. Adams, 73 S.W.2d 322, 333 (Tex. App.—Houston [1st Dist.] 2001, pet.
denied). We may not find the evidence factually insufficient based solely on
credibility, nor may we substitute our credibility determination for that of the trial
court as fact finder—regardless of how we construe the Lloyds’ challenge. See
Norman, 104 S.W.3d at 604. More importantly, however, the trial court’s findings
repeatedly stated that the judgment was based on the Lloyds’ having failed to carry
their burden of proving the elements of their claims, which basis the court also found
was unaffected by Angel’s lack of veracity. Therefore, Angel’s credibility and
truthfulness was evidently irrelevant to the trial court’s decision to render a take-nothing judgment.
          We overrule the Lloyds’ first complaint.
Denial of Request for Death-Penalty Sanctions

          We construe the Lloyds’ next complaint to be that the trial court erred in
denying their request, raised by motion for sanctions and by new trial motion, for the
court to strike Angel’s answer and to reinstate the 1995 default judgment, i.e., for
death-penalty sanctions.


 We review the trial court’s denial of a new trial motion for
abuse of discretion. See Batra v. Clark, 110 S.W.3d 126, 128 (Tex. App.—Houston
[1st Dist.] 2003, no pet.). The same standard of review applies to the trial court’s
sanctions ruling under Rule of Civil Procedure 13.


 See Laub v. Pesikoff, 979 S.W.2d
686, 693 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). “The test for
determining if the trial court abused its discretion is whether the trial court acted
without reference to any guiding rules or principles.” Id.
          In November 1998, the Lloyds moved for rule-13 death-penalty sanctions. See
Tex. R. Civ. P. 13. The basis was that Angel had testified falsely in her affidavit
supporting her motion to set aside the default judgment and in some answers to
discovery. The Lloyds appear to have broadened the motion’s allegations to
complain of statements in Angel’s testimony during the first bench trial. The trial
court to which the cause was first tried denied the Lloyds’ motion. However, the trial
court presiding over the second bench trial apparently entertained the motion for
sanctions: after having noted that the court had read the motion for sanctions, that
court included in its final judgment sanctions against Angel for $3,500, payable to
Claude Lloyd, and for $500, payable to the Lloyds’ attorney, for Angel’s false
testimony. The Lloyds moved for new trial on the ground that the trial court had
erred in not awarding the greater sanction of striking Angel’s answer and reinstating
the default judgment. The Lloyds also requested a $6,500 monetary sanction. The
trial court denied the new trial motion.
          Sanctions imposed must be just. See TransAmerican Natural Gas Corp. v.
Powell, 811 S.W.2d 913, 917 (Tex. 1991) (considering rule 215.2(b)’s predecessor);
see also Tex. R. Civ. P. 13 (incorporating sanctions within rule 215.2(b)); Tex. R.
Civ. P. 215.2(b) (requiring that sanctions imposed be just). “[W]hether an imposition
of sanctions is just is measured by two standards. First, a direct relationship must
exist between the offensive conduct and the sanction imposed. This means that a just
sanction must be directed against the abuse and toward remedying the prejudice
caused the innocent party. . . . Second, just sanctions must not be excessive.” Powell,
811 S.W.2d at 917.
          Here, the trial court awarded monetary sanctions for false testimony and
specifically found that “the fact that the Court does not believe that all of [Angel’s]
testimony was truthful does not excuse Plaintiffs’ burden to show that [Angel] was
negligent in her handling of the trust, that she breached any fiduciary duty, that she
committed any fraud, or that she took property that belonged to him [sic].” 
(Emphasis added.) Given the trial court’s conclusion that the Lloyds had not proved
their case and that Angel’s false testimony did not affect the Lloyds’ burden of proof,
we cannot say that the trial court’s monetary sanctions were unjust or outside the
realm of reason. Moreover,
[i]n all but the most egregious circumstances, other lesser sanctions
should be tried first before imposing the ultimate sanction of the ‘death
penalty’ (dismissal of pleadings). Cases should be won or lost on their
merits, not on . . . sanctions gamesmanship. 

Id. at 920 (Gonzalez, J., concurring).
          We overrule the Lloyds’ second complaint.
Ineffective Assistance of Counsel
          Finally, the Lloyds claim that their trial attorney was ineffective by waiving a
jury trial and by failing to achieve a favorable result for them. It is well settled that
no claim for ineffective assistance of counsel lies in a civil case such as this, when
counsel is retained. See, e.g., Cherqui v. v. Westheimer Street Festival, 116 S.W.3d
337, 343-44 (Tex. App.—Houston [14th Dist.] 2003, no pet.).
          We overrule the Lloyds’ third complaint.
Conclusion
          We overrule the Lloyd’s sole issue in its entirety and affirm the judgment of the
trial court.
 
 
Tim Taft
Justice

Panel consists of Justices Taft, Jennings, and Hanks.